**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01999-MSK-CBS

BARONESS SMALL ESTATES, INC.,

    Plaintiff,

v.

ROUND HILL CELLARS D/B/A RUTHERFORD WINE COMPANY,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon agreement of the parties and a showing that a Protective Order is needed to prevent unwarranted disclosure of confidential information and documentation, the Court orders the following:

1.    This protective order shall govern all documents produced by any party and designated as confidential. All such information and documentation shall be referred to herein as "Confidential Information." Confidential Information shall be used solely in connection with the preparation of this action for trial or any related appellate proceedings, and not for any other purpose including, without limitation, any other litigation, business, or personal purpose.

2.    All written materials produced or disclosed by any party in this litigation (including, but not limited to, documents, interrogatories, responses to requests for admission, and deposition testimony) which the producing party believes to contain Confidential Information shall be designated as confidential by affixing a label to each page of the document with the following legend "CONFIDENTIAL" and shall be revealed only as provided herein.

3.    All claims of confidentiality shall be made in good faith by the party asserting the

claim. Confidential Information shall include, without limitation, any information in which a party has a protectable interest, including but not limited to, an individual's personal and private information (such as health, medical, income, and financials), information regarding a party's finances, processes, products, customers, services, pricing, research & development, manufacturing, purchasing, accounting, engineering, designing, marketing, merchandising, selling, distribution, leasing, and/or servicing. It also includes plans or proposals with regard to any of the foregoing, whether implemented or not, and any electronic data recorded, sent, or retrieved by any means that contains any of the foregoing information. **The designation of material or information as "CONFIDENTIAL" under the terms of this stipulated Protective Order shall be subject to the certification requirement in Fed. R. Civ. P. 26(g).**

4. Confidential Information designated "CONFIDENTIAL" should not be disclosed except to the following persons:

    a. Counsel of record for any party to this action;

    b. Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel of record for any party to this action;

    c. Any party or officer, director, or employee of a party who is responsible for assisting counsel in this action, provided that counsel advises such person that the information is Confidential Information covered by this protective order;

    d. Court personnel, including stenographic reporters engaged in the proceedings as are necessarily incident to preparation for trial;

    e. Any outside expert, consultant, or investigator retained in connection with this action, provided that, prior to disclosure of any confidential material or information derived from Confidential Information, the expert, consultant, or investigator shall certify in writing on the

form attached as Exhibit A that he/she has read and understands the terms of this protective order and agrees to be bound to such terms;

    f. Actual or proposed witnesses who have a need to review the documents or information for the prosecution or defense of this lawsuit, provided that, prior to disclosure of any confidential material or information derived from Confidential Information, the witness shall certify in writing on the form attached as Exhibit A that he/she has read and understands the terms of this protective order and agrees to be bound to such terms; and

    g. Others permitted by order of this Court.

  5. In order to ensure compliance with paragraph 4 of this protective order, counsel for the parties agree that prior to disclosing any Confidential Information to any person or entity, they will provide such person (other than Court officials, clerical and support personnel employed by the attorneys in this Action, and employees of third party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designating programs for handling data connected with this action) with a copy of this Stipulated Protective Order and will have such person acknowledge that they have received and read this protective order and understand that they are bound thereby by signing the Acknowledgement attached hereto as Exhibit A.

  6. If any party believes that any material produced and stamped "CONFIDENTIAL" does not contain Confidential Information, it may contest the applicability of this protective order to such material by notifying the attorneys of the party claiming the material is confidential and identifying the material contested. Upon such notification, the parties shall have thirty (30) days in which to reach an agreement regarding the confidential nature of the document or information at issue. After expiration of the 30-day period, the party claiming the confidential status shall have

fifteen days to file a motion for protective order with respect to the material at issue. During the pendency of such motion, the material shall be treated as "Confidential Information" subject to this protective order. **Any motion challenging the designation of material as "CONFIDENTIAL" must be filed no later than 45 days before the deadline for filing dispositive motions.**

7. At the time of deposition or within 30 days after receipt of the deposition transcript, a party may designate as "Confidential Information" specific portions of the transcript that contains such matters. This designation shall be in writing and served upon all counsel. Transcripts will be treated as confidential and proprietary for this 30-day period. Any portions of a transcript designated "CONFIDENTIAL" shall thereafter be treated as such in accordance with this protective order.

8. Confidential Information filed with the Court or attached to any pleading shall be filed under seal to protect the confidential and proprietary nature of such material, and shall be filed in a sealed envelope bearing the title of the case, the title of the document, and a notation: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER: TO BE OPENED ONLY BY THE COURT FOR ITS REVIEW AND TO THEN BE RESEALED." Such Confidential Information shall remain confidential and under seal to protect the confidential and proprietary nature of such material. Such Confidential Information shall remain confidential and under seal to the conclusion of this litigation and any appellate proceedings related thereto. **Any filing of "CONFIDENTIAL" documents or materials with the Court must fully comply with D.C.COLO.LCivR 7.2**

9. The Parties shall take all reasonable steps necessary to protect Confidential Information which is disclosed, either by the use of such Confidential Information as an exhibit or through testimony or argument, at a deposition or hearing of this matter. Such reasonable steps shall include (a) compliance with this protective order, and (b) designation of any exhibit, transcript, or

record in a manner consistent with paragraphs 2, 7 and 8 of this protective order.

10. There shall be no reproduction whatsoever of Confidential Information, except that, as required by the litigation, copies, excerpts, or summaries may be made by counsel, counsel's staff, and court personnel for use by those authorized pursuant to paragraph 4 above. All Confidential Information and copies, excerpts, or summaries thereof shall be retained in the custody of the parties or attorneys of record for the parties in this litigation during the pendency of the litigation; provided, however, that Confidential Information and/or copies, excerpts, or summaries thereof may be furnished to and retained in the custody of any testifying expert witness in accordance with the terms of this protective order.

11. The parties may, by express written agreement, waive any of the terms of this protective order. Nothing in this protective order shall be construed as a waiver of any right to object to the furnishing of information or responding to discovery on a basis other than confidentiality. Moreover, to the extent that any material that is subject to the attorney-client or work-product privilege is inadvertently revealed, the parties shall be deemed to have reserved their privileges with respect to such information and production of such material shall not, in itself, constitute a waiver of the privilege.

12. The provisions of this protective order shall not terminate at the conclusion of this litigation. On conclusion of this action, all Confidential Information in the possession or under the control of counsel, the parties or their agents, witnesses, experts, consultants, or investigators, shall be destroyed or returned to the party producing it at the determination of the producing party with costs of return to be born by the producing party. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than thirty (30) days after final termination of this litigation. In addition, the

provisions of this protective order restricting the use and communication of Confidential Information marked "CONFIDENTIAL" pursuant to this protective order shall continue to be binding after the conclusion of this litigation.

13. Nothing in this protective order, and no action taken pursuant to it, shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, any additional protection with respect to the discoverability or confidentiality of documents or other information, or prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of documents or information that may be subject to this protective order.

14. In the event that any person or entity shall violate or threaten to violate any terms of this protective order, the party aggrieved by such violation or threatened violation may seek any remedy allowable by law or equity. If it is necessary for either party to employ an attorney to enforce the terms of this Order or to defend against such an enforcement action, the prevailing party shall be entitled to costs and reasonable attorneys' fees.

DATED at Denver, Colorado, this 27th day of January, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

*s/Joseph C. Pierzchala*
Kris J. Kostolansky, Esq.
Joseph C. Pierzchala, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, CO 80202
*Attorneys for Baroness Small Estates, Inc.*


*s/Mary A. Wells*
Mary A. Wells
Adam P. O'Brien
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
E-mail: mwells@warllc.com
E-mail: aobrien@warllc.com
*Attorneys for Round Hill Cellars*

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01999-MSK-CBS

BARONESS SMALL ESTATES, INC.,

 Plaintiff,

v.

ROUND HILL CELLARS D/B/A RUTHERFORD WINE COMPANY,

 Defendant.

---

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER
---

  I, _____, understand that information may be discussed in my presence and/or documents provided to me that involves confidential information. I understand that a Protective Order has been entered by the Court declaring that certain information is confidential and that such information shall not be disclosed to any person or entity other than those provided for in the Protective Order. I understand that I am subject to this Court's Protective Order and acknowledge that a copy of the Protective Order has been provided to me. I hereby agree that I will keep confidential and not divulge to any person any confidential information that has been revealed to me.

  Dated this _____ day of _____, 20__.

                    _____
                    (Signature)

                     _____
                    (Printed Name)